**In re Douglas Wayne NEWMAN, Laura Lena Newman, Debtors.**

**Bankruptcy No. 85–40622.**

United States Bankruptcy Court, D. Kansas.

March 26, 1987.

Mark W. Neis and Jill A. Michaux, of Neis & Michaux, P.A., Topeka, Kan., for debtors.

Michael Brunton, Topeka, Kan., for creditor.

Lloyd C. Swartz, Topeka, Kan., Trustee.

### MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on September 24, 1985, on the "Debtors' Objection to Claim Filed by Iron Horse Motors and Debtors' Motion for Order Determining the Nature and Extent of Creditor's Interest in Debtors' 1976 Chevrolet." The debtors ap-

peared by and through their attorney, Mark Neis. The creditor did not appear. Lloyd C. Swartz appeared as standing trustee. This Court took the matter under advisement based on the pleadings alone.

## FINDINGS OF FACT

Based on the pleadings and the record, this Court finds as follows:

1. On March 23, 1985, the debtors, Douglas Wayne Newman and Laura Lena Newman, purchased a 1976 Chevrolet Monte Carlo from Iron Horse Motors for a price of $1,252 including tax. Pursuant to the sale, debtor Douglas W. Newman signed a "Motor Vehicle Purchase Agreement/Bill of Sale" which stated that the debtors agreed to:

"pay the car off by June 1, 1985, payment to be made each week in the amount of $140.00 wk. for 8 wks. until paid in full or unless paid off before allowed time also a payment of $252.00 will be due on April 1, 85 Monday, to pay for the expenses paid by owner."

The agreement does not purport to grant the creditor/owner any kind of security interest in the vehicle. The agreement is not a "security agreement."

2. The creditor, Iron Horse Motors, caused its name to be placed on the Kansas Certificate of Title as a lienholder.

3. By May 4, 1985, the debtors' balance due on the automobile was down to $850.

4. On June 7, 1985, the debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code.

5. On August 27, 1985, the creditor filed a proof of claim for $1,252. Furthermore, the proof of claim indicates that the creditor has a security interest in the vehicle.

6. On August 8, 1986, the debtors filed an "Objection to Claim and Motion to Determine Nature and Extent of Interest in Property."

7. The creditor failed to file a response.

## CONCLUSIONS OF LAW

The creditor, Iron Horse Motors, filed a proof of a secured claim in the amount of $1,252. The debtors, Douglas Wayne Newman and Laura Lena Newman, object to both the *amount* and *nature* of the claim. This Court agrees with the debtors on both counts.

First, the proper amount of the creditor's claim is $850 rather than the total amount of the loan, $1,252. The debtors had reduced the amount owed on the car to $850 by the time they filed for bankruptcy.

Secondly, the creditor's claim is unsecured because the creditor *never* acquired a security interest in the Monte Carlo. Under the Uniform Commercial Code, a creditor does not acquire an enforceable security interest unless the debtor signed a "security agreement." *See* Kan.Stat.Ann. § 84-9-203 (1983) (Another means of attachment is possession). A security agreement must contain some words of "grant" of a security interest. *Transport Equipment Company v. Guaranty State Bank*, 518 F.2d 377 (10th Cir.1975). In the present case, the creditor failed to produce such an agreement. The "Motor Vehicle Purchase Agreement/Bill of Sale" does not contain any words of "grant."

Furthermore, the fact that the creditor's name is noted on the title as a lien does not in and of itself give the creditor a security interest in the car. Noting a lien on a title under the Kansas Certificate of Title Statute goes only to the question of "perfection" of a security interest. *See* Kan.Stat.Ann. § 8-135 (1985 Supp). In this case, the Court never gets to the question of perfection. A security interest cannot be considered "perfected" unless the security agreement does in part "attach." *Transport Equipment*, 518 F.2d at 382.

IT IS THEREFORE, BY THE COURT, ORDERED That the debtors' objection to claim and motion determining the nature and extent of the claimant's interest in property is sustained. The claimant, Iron Horse Motors', claim is allowed as unsecured in the amount of $850.